UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA M. PANEPUCCI,

          Plaintiff,

                                  Case No. 05-70024

vs.

                                HON. GEORGE CARAM STEEH

HONIGMAN MILLER SCHWARTZ
AND COHN, LLP,

          Defendant.
_____/

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DENYING
DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY BRIEF

      Before the court is plaintiff's motion for reconsideration of this court's ruling on defendant's motion to dismiss, which dismissed plaintiff's claims on the basis that such claims were subject to arbitration. Plaintiff's request that the court reconsider its decision asserts that the court prematurely ruled on the enforceability of the arbitration clause, and that such a ruling must follow a motion to compel arbitration under the Federal Arbitration Act, rather than a motion to dismiss made under Fed. R. Civ. P. 12(b)(1). The court issued an order allowing defendant to file a response to plaintiff's motion, to be filed no later than September 21, 2005,[1] and has now considered all briefs filed.

---

[1] That order stated that "[p]laintiff may file a reply brief as permitted under applicable rules." Defendant moves to strike said reply brief, asserting such briefs are not allowed on motions to reconsider. Although the court's wording may have lacked precision, it was certainly the court's intention to allow plaintiff to file a reply as generally allowed with other motions, and the court therefore DENIES defendant's motion.

A court does not grant a motion for reconsideration if it presents only the "same issues ruled upon by the court, either expressly or by reasonable implication;" rather, the movant must demonstrate not only that the court and parties were misled by palpable error, but that correction of the defect will change the disposition of the case. E.D. Mich. LR 7.1(g)(3). Plaintiff has not done this here.

Plaintiff points to three issues she contends represent palpable defect in the court's earlier order. First, she asserts that the issue of arbitrability was wrongly presented by defendant "in the guise" of a motion brought under Fed. R. Civ. P. 12(b)(1). However, plaintiff does not cite to any authority standing for this proposition. Rather, as defendant points out, courts routinely rule on combined motions to dismiss and to compel arbitration. See 5B Wright & Miller, Federal Practice and Procedure, § 1350, p. 105 (collecting cases). As stated by the case of Raasch v. NCR Corporation, 254 F.Supp.2d 847, 850, although the FAA contemplates that granting a motion to compel arbitration would stay proceedings "until such arbitration has been had in accordance with the terms of the agreement," 9 U.S.C. §3, when such "terms" state that the arbitrator's decision is final and binding, dismissal is appropriate upon compulsion of the arbitration. Arnold v. Arnold Corp., 920 F.2d 1269, 1276 (6th Cir. 1990).

Next, plaintiff asserts that the agreement to arbitrate is unenforceable because her statutory employment claims allow for an award of attorney's fees, should she prevail, and such a fee-shifting provision directly conflicts with the applicable section of the arbitration agreement, which does not allow for such an award. Plaintiff contends that her argument is supported by Morrison v. Circuit City Stores, Inc., 317 F.3d 646, 670 (6th Cir. 2003), which defendant disputes, asserting that a cost-splitting provision in

that case did not void the agreement in whole, but rather was severable, leaving the remainder of the agreement to be enforced. Id., 317 F.3d at 675. The court agrees that the issue of shared costs and fees can be corrected through severability of the clause, if appropriate, at the time that needs to be addressed. Michigan law clearly allows for such severance, see Professional Rehabilitation Assoc. v. State Farm Mutual Auto Ins. Co., 228 Mich. App. 167, 174 (1998), cited by defendant, and the agreement in question contains an unambiguous severance provision, at § 9.09 of the Partnership Agreement. This argument likewise does not persuade the court that it committed palpable error.

The court is also unpersuaded by plaintiff's contention that the arbitration process would not afford her the procedural safeguards to which she is entitled. Plaintiff has not cited to any authority that arbitration under the American Arbitration Association's rules for commercial disputes, rather than "employment disputes,"[2] create "unreasonable and unjust" circumstances. Nor do the rules concerning discovery. Although plaintiff distinguishes certain of the cases cited by defendant which upheld discovery limitations in arbitration proceedings, the court does not find that any of the particular limitations cited by plaintiff are outside the scope of fair resolution of plaintiff's claims in an alternative forum, which the court notes was agreed upon by both parties to this lawsuit.

For the foregoing reasons, it is the court's determination that it was not misled by palpable defect in its order on the defendant's previous motion to dismiss, and that in any event, correction of any defect in its previous order would not change the disposition of the case. E.D. Mich. LR 7.1(g)(3). Accordingly, plaintiff's motion is

---

[2] As defendant notes, plaintiff's status as an employee remains a question in the case.

hereby DENIED.  Plaintiff's request to amend the complaint to add an action for declaratory judgment as to the unenforceability of the arbitration clause and a pendant state claim for rescission or reformation of the arbitration clause is likewise DENIED, as the court finds such an amendment would be futile.

    IT IS SO ORDERED.

                S/George Caram Steeh  
                GEORGE CARAM STEEH  
                UNITED STATES DISTRICT JUDGE

Dated:  October 14, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on October 14, 2005, by electronic and/or ordinary mail.

                S/Josephine Chaffee  
                Secretary/Deputy Clerk